# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| STATE OF WASHINGTON, | NO. |
|---|---|
| Plaintiff, | COMPLAINT |
| v. | (Freedom of Information Act, 5 U.S.C. § 552) |
| FEDERAL ENERGY REGULATORY COMMISSION, an agency of the United States, and KEVIN J. MCINTYRE, in his official capacity as Chairman of the Federal Energy Regulatory Commission, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by the Federal Energy Regulatory Commission (FERC).

2. FERC has experienced unusual turmoil since early 2017. From February to June 2017, FERC had only two Commissioners for the five total commissioner positions—meaning that it did not have a quorum sufficient to take action.

3.   From June to August 2017, FERC had only a single commissioner –meaning that it still did not have a quorum sufficient to take action.

4.   From August to late November 2017, FERC had a bare quorum of three commissioners.

5.   It was not until December 2017 that FERC regained five commissioners.

6.   FERC did not hold an open meeting from February 2017 through September 20, 2017.

7.   On September 28, 2017, FERC was asked by the Secretary of Energy to act on a Department of Energy proposal that would have remade American wholesale energy markets by favoring producers of coal- and nuclear-generated energy. Although FERC declined on January 8, 2018 to adopt the proposed rule, FERC indicated that it will continue to consider certain aspects of the proposal.

8.   On November 22, 2017, the Office of the Attorney General for the State of Washington (AGO) submitted a request for certain documents to FERC, via both electronic mail and the U.S. Postal Service.

9.   The November 22, 2017 request sought "All records of any communication from any Commissioner of the Federal Energy Regulatory Commission, including the chair or acting chair, to any other Commissioner or Commissioners of the Commission, including the chair or acting chair. This request includes all emails and attachments; all written correspondence, memoranda, or notes; all electronic communications via other means, such as Slack, Jabber, text message, or other mobile or desktop application" since November 1, 2016.

10. On November 24, 2017, AGO received an electronic mail from Toyia Johnson, FOIA Public Liaison for FERC, acknowledging receipt of the request. The email stated, "We kindly ask that you consider narrowing the scope of your request to specific docket numbers, key words, pipelines, hydro project, rulemaking, etc. This will allow staff to conduct a effective search to identify communications that may be of interest to you."

11. AGO responded to Ms. Johnson's email by voicemail on November 27, 2017, and email on November 28, 2017, declining to narrow the request, and nothing that "our original request identifies a discrete category of records—communications from one Commissioner to another Commissioner or Commissioners—that should be easily identified, duplicated, and produced. If there is anything about our request that is unclear, please let me know and I can do my best to clarify it."

12. AGO has received no communication from FERC since Ms. Johnson's email on November 24, 2017, including any communication after AGO's reiteration of its request on November 27 and 28, 2017.

13. In light of the long periods of time in 2017 during which FERC failed to have a quorum of Commissioners, failed to have a public meeting, and/or considered very significant changes to American energy markets, Washingtonians (and all Americans) deserve to know what was happening at FERC, especially among those few Commissioners who remained at the Commission.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the

laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

15. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as the FOIA request was issued from a State of Washington office in Seattle, in the Western District of Washington.

16. Because FERC failed to respond to the State of Washington's FOIA request, even to notify AGO of an extension of time, within 20 business days, no administrative appeal is required under 18 C.F.R. 388.110 (2016).

### III. PARTIES

17. Plaintiff State of Washington is a sovereign entity and brings this action to protect its own sovereign and proprietary rights, and as *parens patriae* on behalf of its affected citizens and residents. The Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include acting in federal court on matters of public concern. This challenge is brought pursuant to the Attorney General's independent constitutional, statutory, and common law authority to bring suit and obtain relief on behalf of the State of Washington.

18. Defendant Federal Energy Regulatory Commission is an agency of the United States. FERC has possession of and control over the records sought by the State of Washington in its November 22, 2017 request.

19. Defendant Kevin J. McIntyre, is the Chairman of the Federal Energy Regulatory Commission, and is named only in his official capacity.

## IV. STATUTORY BACKGROUND

20. FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." Id., § 552(a)(3). Additionally, agencies have an affirmative duty to make available "statements of policy and interpretations which have been adopted by the agency . . . ." Id., § 552(a)(2)(B).

21. "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. Id., § 552(a)(6)(A). FERC's FOIA regulations also require a response within 20 days. 18 C.F.R. 388.108(c)(1) (2016).

22. An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. Exemption Five permits withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," id., § 552(b)(5), i.e., privileged documents. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975).

23. If an agency withholds documents, it must provide a "*Vaughn* Index" that adequately identifies the specific documents withheld. See *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original). See *Wiener v. FBI*, 943 F.2d 972, 978 (9th Cir. 1991) (requiring a *Vaughn* Index and finding it inadequate); *Andrus v. United States Dep't of Energy*, 200 F. Supp. 3d 1093, 1105 (D. Idaho 2016) (same).

24. A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Assn' v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### V.   STATEMENT OF FACTS

25. On November 22, 2017, the Office of the Attorney General of the State of Washington (AGO) submitted a request for certain documents to FERC, via both electronic mail and the U.S. Postal Service.

26. The November 22, 2017 request sought "All records of any communication from any Commissioner of the Federal Energy Regulatory Commission, including the chair or acting chair, to any other Commissioner or Commissioners of the Commission, including the chair or acting chair. This request includes all emails and attachments; all written correspondence, memoranda, or notes; all electronic communications via other means, such Slack, Jabber, text message, or other mobile or desktop application" since November 1, 2016.

27. On November 24, 2017, AGO received an electronic mail from Toyia Johnson, FOIA Public Liaison for FERC, acknowledging receipt of the request. The email stated, "We kindly ask that you consider narrowing the scope of your request to specific docket numbers, key words, pipelines, hydro project, rulemaking, etc. This will allow staff to conduct a effective search to identify communications that may be of interest to you."

28. AGO responded to Ms. Johnson's email by voicemail on November 27, 2017, and email on November 28, 2017, declining to narrow the request, and noting that "our original request identifies a discrete category or records—communications from one Commissioner to another Commissioner or Commissioners—that should be easily identified, duplicated, and produced. If there is anything about our request that is unclear, please let me know and I can do my best to clarify it."

29. If the State of Washington's FOIA request is considered submitted on the date originally sent, FERC was required by FOIA to respond to the State of Washington's FOIA request by December 22, 2017.

30. If the State of Washington's FOIA request is considered submitted on the date AGO responded to FERC's request to narrow it, FERC was required by FOIA to respond to the State of Washington's FOIA request by December 28, 2017.

31. AGO has received no communication from FERC since Ms. Johnson's email of November 24, 2017.

32. FERC was required by FOIA and 18 CFR 388.108(c)(1) to respond to the State of Washington's FOIA request within 20 days, or seek an extension of time under 18 C.F.R. 388.110(b)(1) (2016). FERC did neither.

33. Because of the extended period during which FERC held no open meetings, and due to FERC's refusal to respond to the State of Washington's FOIA request, communications between commissioners remain secret even as FERC contemplates major policy shifts that would have significant, nationwide impacts.

## VI. FIRST CLAIM FOR RELIEF

**Violation of the Freedom of Information Act – Failure to Respond (All Defendants)**
**5 U.S.C §§ 552(a)(3), (a)(4)(B)**

34. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

35. FERC violated FOIA by failing to respond to the State of Washington's request for records within 20 business days.

## VII. SECOND CLAIM FOR RELIEF

**Violation of the Freedom of Information Act – Failure to Produce Records (All Defendants)**
**5 U.S.C §§ 552(a)(3), (a)(4)(B)**

36. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

37. Defendants further violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the State of Washington's request for records.

## VIII. PRAYER FOR RELIEF

The State of Washington respectfully requests that this Court:

1. Declare that the Defendants violated FOIA by failing to make a determination on the FOIA requests within the time period prescribed by law;

2. Declare that Defendants violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide all responsive records;

3. Order Defendants to provide a determination on the State of Washington's FOIA request, at no cost to the State.

4. Order Defendants to conduct searches reasonably calculated to locate the requested records, and release all records responsive to the FOIA request within twenty days of this Court's order, at no cost to the State of Washington.

5. Enjoin Defendants from withholding agency records and order the production of all agency records improperly withheld from the State of Washington;

6. Retain jurisdiction over this action to ensure the processing of the State of Washington's FOIA request is in compliance with FOIA and any orders of this Court;

7. Award Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

8. Grant such other relief as the Court may deem just and proper.

DATED this 31st day of January, 2018.   Respectfully submitted,

By: s/ William R. Sherman

OFFICE OF THE ATTORNEY GENERAL
ROBERT W. FERGUSON
Attorney General

WILLIAM R. SHERMAN, WSBA #29365
Assistant Attorney General
800 5th Ave Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430